FILED
SUPERIOR COURT
OF GUAM

2022 JUL -6 PM 4: 21

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PACIFIC DATA SYSTEMS, INC., | CIVIL CASE NO. CV0594-21 |
| Plaintiff, | |
| vs. | |
| OFFICE OF PUBLIC ACCOUNTABILITY, TERRITORY OF GUAM, GUAM HOUSING AND URBAN RENEWAL AUTHORITY, and PTI PACIFICA INC., dba IT&E, | DECISION AND ORDER RE OFFICE OF PUBLIC ACCOUNTABILITY'S MOTION TO DISMISS |
| Defendants. | |

This matter came before the Honorable Dana A. Gutierrez on January 25, 2022 for a hearing on Defendant Office of Public Accountability's Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion" or the "OPA's Motion"). Present via Zoom were Attorney Joshua D. Walsh representing Plaintiff Pacific Data Systems, Inc. ("PDS"); Attorney Anthony C. Perez representing Guam Housing and Urban Renewal Authority ("GHURA"); Attorney Joseph B. McDonald representing Defendant Office of Public Accountability ("OPA"); and Assistant Attorney General Yusuke Haffeman-Udagawa representing Defendant Territory of Guam (the "Territory"). Based on a review of the pleadings and in accordance with the applicable law, the Court now issues this Decision and Order **DENYING** the OPA's Motion.

## BACKGROUND

The instant matter arises out of PDS's filing of a Verified Complaint related to GHURA's denial of PDS's Protest of GHURA's bid selection for BID IFB#GHURA-COCC-21-003 (the "Protest") and the OPA's subsequent dismissal of PDS's Appeal of GHURA's denial of the

Protest (the "Appeal"). Compl., at ¶ 11-26. On August 20, 2021, PTI Pacifica Inc. d.b.a. IT&E ("IT&E") filed their Answer to the Complaint. On September 30, 2021, GHURA filed their Answer to the Complaint.

On September 30, 2021, the OPA filed a Motion to Dismiss for Lack of Personal Jurisdiction ("OPA's Motion"). On October 27, 2021, PDS filed its Opposition to Defendant OPA's Motion ("PDS's Opposition"). On November 10, 2021, the OPA filed its Reply to the PDS's Opposition ("OPA's Reply"). The Court heard from the parties regarding the OPA's Motion on January 25, 2022. The Court subsequently issued an Order for Further Briefing ("Order") on March 4, 2022.

Pursuant to the Court's Order, parties were to brief issues regarding the OPA's sovereign immunity and the proper mechanism for naming the OPA in procurement appeals. Order, at 3. On April 1, 2022, the OPA filed its Supplemental Brief in response to the Order ("OPA's Further Briefing"). On April 4, 2022, PDS filed its Further Briefing in response to the Order ("PDS's Further Briefing"). On April 5, 2022, the Territory filed its Supplemental Memorandum Re: OPA and Sovereign Immunity.[1] The Court took the matter under advisement on April 5, 2022.

## DISCUSSION

**I.      Title 2 GAR Division 4 Section 12103 Does Not Preclude the OPA From Being Named as a Proper Defendant.**

The OPA argues that under Section 12103(a) of Title 2, Division 4 of the Guam Administrative Rules and Regulations ("GAR"), the OPA is not legally permitted to "defend or otherwise act on any averment, allegation or demand in the complaint in this case," and is therefore not a proper defendant to this case. OPA's Mot., at 2-3. Based on this, the OPA asserts

---

[1] The Territory has been dismissed as a Defendant in this case pursuant to the Court's April 25, 2022 Decision and Order ("D&O") and PDS's Notice of Voluntary Dismissal filed on May 5, 2022.

that "the Court in a fundamental sense lacks personal jurisdiction over the OPA" pursuant to Rule 12(b)(2) of the Guam Rules of Civil Procedure ("GRCP"). *Id.*

The OPA perceives Section 12103(a) as giving the "extent" of the Public Auditor's jurisdiction and Section 12103(b) as barring the Public Auditor from participating in Superior Court actions appealing OPA decisions. *See* Motion at 2. Ultimately, the OPA argues that this regulatory scheme effectively prevents the OPA from participating in the instant case.

Section 12103(a) details the OPA's jurisdiction, while Section 12103(b) provides guidance for when judicial proceedings commence in connection with OPA procurement appeals. Section 12103 provides the following:

> (a) The Public Auditor shall have the power to review and determine de novo any matter properly submitted to her or him. The Public Auditor shall not have jurisdiction over disputes having to do with money owed to or by the government of Guam. No prior determination shall be final or conclusive on the Public Auditor. The Public Auditor shall have the power to compel attendance and testimony of, and production of documents by, any employee of the government of Guam, including any employee of any autonomous agency, public corporation or board or commission. The Public Auditor may consider testimony and evidence submitted by any competing bidder, offeror or contractor of the Appellant. The Public Auditor's jurisdiction shall be utilized to promote the integrity of the procurement process and the purposes of 5 GCA Chapter 5.
>
> (b) Effect of Judicial Proceedings. If an action concerning the procurement under Appeal has commenced in court, the Public Auditor shall not act on the Appeal except to notify the parties and decline the matter due to Judicial involvement. This Section shall not apply where a court requests the decision of the Public Auditor. Parties are required to notify and provide copies to the Public Auditor within 24 hours of any action in court concerning the procurement under Appeal.

2 GAR Div. 4 § 12103.

The purpose of Chapter 12 in the GAR is to "give[] the Public Auditor the duty to be in

control of and be responsible for procurement Appeals in Guam, and the authority to adopt rules of procedure." *See* 2 GAR Div. 4 § 12101. Thus, this language provides the context in which Section 12103 is to operate. Significantly, Section 12103 governs the OPA's actions as the presider over pending procurement appeals.

Given this specific context, Section 12103(a) is not an exhaustive list of the OPA's general duties and capabilities. This section provides the OPA with guidance on procedures for appeals before the Public Auditor, and it does not automatically bar any actions not listed by virtue of its exclusion.

Next, Section 12103(b) refers to appeals in which the Public Auditor cannot act. "It is a cardinal rule of statutory construction that courts must look first to the language of the statute itself," and "[a]bsent clear legislative intent to the contrary, the plain meaning prevails." *Sumitomo v. Gov't Guam*, 2001 Guam 23 ¶ 17. The plain language of Section 12103(b) specifically refers to procurement appeals at the OPA level, prohibiting the Public Auditor from acting on a procurement appeal pending before it once an action has been commenced in the Superior Court of Guam (the "Superior Court"). However, Section 12103(b) is silent on appeal decisions rendered by the Public Auditor which are then appealed to the Superior Court, and the legislative purpose for Chapter 12 in the GAR cited above is consistent with this interpretation.

Additionally, in a recent, unrelated procurement appeal action, *SH Enterprises, Inc. vs. Territory of Guam, et al.*, the court interpreted Section 12103(b) as preventing the Public Auditor from acting on a procurement under appeal before the Superior Court at the OPA level, and not as preventing the Public Auditor from involvement in a civil action regarding such an appeal. *SH Enterprises, Inc. vs. Territory of Guam, et al.*, CV1057-20, D&O, at 6 (May 6, 2022). Therefore, the *SH Enterprises* Court determined that based on the plain language of Section

12103(b), "the Court neither finds that it lacks personal jurisdiction over the OPAA, nor that the OPA is precluded from being named as a defendant in this matter." *Id.*, at 6. This Court agrees with the *SH Enterprises* Court's interpretation of Section 12103(b).

Based on this Court's interpretation of 2 GAR Div. 4 § 12103, the Court neither finds that it lacks personal jurisdiction over the OPA, nor does it find that the OPA is precluded from being named as a defendant in this matter.

## II. The OPA is a Relevant and Appropriate Defendant in Procurement Appeals to the Superior Court.

The OPA also contends that the OPA is not an appropriate defendant in the instant case because the OPA retains sovereign immunity. OPA's Reply, at 2. The OPA asserts that "[g]iven the language in § 5480, there does not appear to be an express waiver of sovereign immunity by the OPA unless the Court concludes that the OPA is the Territory." OPA's Further Briefing, at 3.

Sovereign immunity must be waived by statute to sue the Government of Guam or any government agency. *Wood v. Guam Power Auth.*, 2000 Guam 18 ¶ 2-3. The relevant statute related to sovereign immunity in a procurement appeal is Title 5 GCA § 5480(a) which provides:

> (a) Solicitation and Award of Contracts. The Superior Court of Guam shall have jurisdiction over an action between the Territory and a bidder, offeror, or contractor, either actual or prospective, to determine whether a solicitation or award of a contract is in accordance with the statutes, regulations, and the terms and conditions of the solicitation. The Superior Court shall have such jurisdiction in actions at law or in equity, and whether the actions are for monetary damages or for declaratory, or other equitable relief.

The term "action" in 5 GCA § 5480(a) means a "civil action." *Town House Dep't Stores, Inc. ("Town House") v. Dep't of Educ.*, 2012 Guam 25 ¶ 28. Thus, to invoke the waiver of sovereign immunity, a party must file a civil lawsuit naming either the Territory of Guam or the relevant agency or government entity from which the aggrieved party seeks relief. *Id.* at ¶ 33.

In *Data Mgmt. Res., LLC ("DMR") v. Off. of Pub. Accountability*, the Guam Supreme Court recognized that "5 GCA § 5480 is the statute waiving the Government of Guam's sovereign immunity." *Data Mgmt. Res., LLC. ("DMR") v. Off. of Pub. Accountability*, 2013 Guam 27 ¶ 27 ("*DMR*"). The *DMR* Court further found that the plaintiff "**named the appropriate agency, OPA**, given that [the plaintiff] sought the trial court's review of the OPA's administrative decision, and that the OPA is a qualifying agency of the Territory of Guam that can waive sovereign immunity." *Id.* (emphasis added).

Although the OPA contends that the OPA has the authority to choose whether to waive sovereign immunity on a case by case basis, sovereign immunity can only be waived by *statute*. *Wood*, 2000 Guam 18 ¶ 2-3. The Guam Supreme Court has not held that it is within a government agency's discretionary authority to waive sovereign immunity on a case by case basis. On the contrary, "the Organic Act gives the ability to waive [sovereign] immunity **solely to the Legislature[.]**" *Sumitomo Const., Co., v. Gov't of Guam*, 2001 Guam 23 ¶ 26 ("Because the Organic Act gives the ability to waive immunity solely to the Legislature, courts lack the authority to find an implied waiver of immunity even in the face of strong public policy favoring such a finding.") (emphasis added).

Further, in the specific context of procurement appeals to the Superior Court, the *DMR* Court held that 5 GCA § 5480 is the *statute* through which the *Legislature* waived the Government of Guam's sovereign immunity, and that when seeking review of an OPA administrative decision, the OPA is the appropriate defendant. *See DMR*, 2013 Guam 27 ¶ 27.

Consistent with the holdings of the Guam Supreme Court and the *SH Enterprises* Court, this Court recognizes that 5 GCA § 5480 is the statute that waives the OPA's sovereign immunity. As such, this Court finds that the proper mechanism for a plaintiff, as a bidder,

offeror, or contractor—either actual or prospective—to invoke a waiver of the OPA's sovereign immunity is for the plaintiff to bring a civil action naming the OPA as a defendant. *See Town House*, 2012 Guam 25 ¶ 32-33.

Here, the OPA was named as a defendant in PDS's Complaint. Compl., at 3. However, the OPA argues that it is not a proper party because it "was not the government entity that issued the invitation for bid (IFB) which is the subject of PDS' complaint and because it did not deny PDS' protest." Reply at 2-3. This Court concedes that the OPA's actions in the underlying administrative proceedings may be characterized as neutral, but that characterization does not preclude the OPA from being a relevant defendant.

The Plaintiff in this case is similar to the plaintiff in *DMR* as it seeks relief due to the adverse decision the OPA issued against it. Given this similarity between *DMR* and the present case, the Court finds that the OPA is a relevant and appropriate defendant.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** the Defendant OPA's Motion to Dismiss for Lack of Personal Jurisdiction.

**SO ORDERED** ___ JUL 0 6 2022 ___

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
*Bozzoro, Walsh & Torres,*
*AG, McDonald Law*
Date: 7/6/22 Time: 4:38pm
_____
Deputy Clerk, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
*Anthony Perez,*
*Steven Carrara*
Date: 7/6/22 Time: 4:78pm
_____
Deputy Clerk, Superior Court of Guam